| | |
|---|---|
| Eagle Combined Courts<br>885 Chambers Ave.; PO Box 597<br>Eagle, CO 81631-0597<br>Phone: (970) 328-6373 Fax: (970) 328-6328 | EFILED Document<br>CO Eagle County District Court 5th JD<br>Filing Date: Nov 05 2012 03:11PM MST<br>Filing ID: 47557565<br>Review Clerk: Evelyn Case |
| **Plaintiff(s : GONZALO RODRIGUEZ-DIAZ, JORGE QUINOINES, HELADIO OLIVIOCORTES, RAMIRO MENDOZA, OSCAR MENDOZA, JOSE MENDOZA, RIGOBERTO AYALA, IGNACIO MENDOZA, ON THEIR BEHALF AND ON THE BEHALF OF THOSE SIMILARLY SITUATED** | |
| | ▲ COURT USE ONLY ▲ |
| VS<br><br>Defendant(s : GALLEGOS MASONRY, INC., dba GALLEGOS CORPORATION | Case No.: 12CV962<br><br>Division: 4 |

## ORDER RE RULE 121 DUTY TO CONFER

C.R.C.P. 121 § 1-15(8) states that "[m]oving counsel shall confer with opposing counsel before filing a motion." At the outset of this action, the Court now provides the parties with its interpretation of this rule, so that the parties will have a clearer understanding of their duties in the event they decide to file motions as the matter proceeds.

The clear purpose of Rule 121 is to require the parties to identify and attempt to resolve emerging issues before engaging in motion practice. The plain language definition of the word "confer" means "[t]o meet in order to deliberate together or compare views; consult." American Heritage Dictionary of the English Language. From the foregoing, the Court puts the parties on notice that the word "confer" requires the moving party to partake in interactive discussions with any party who might potentially oppose the relief requested. Before filing a motion, the moving party must speak with a party, either face-to-face or via phone, in order to satisfy the duty to confer. It is unacceptable for the parties to "confer" by non-interactive means, including but not limited to voice message, e-mail, letter, fax, or text message.

In further interpreting the first sentence of C.R.C.P. 121 § 1-15(8) above, the Court reads the word "shall" as creating a mandatory requirement. Accordingly, before filing a Motion, the Court routinely expects the moving party to confer with any potentially opposing party, as detailed above.

EXHIBIT
C

C.R.C.P. 121 § 1-15(8) does provide that, "[i]f no conference has occurred, the reason why shall be stated." On occasions where the moving party offers such a reason in lieu of actually conferring, the Court expects the reason to be explained in substantive detail. The Court also expects it to fall within the realm of an unusual occurrence. On one end of the spectrum, it will not be acceptable for the moving party to make one phone call, leave a voicemail requesting the opposing party to confer, and then submit a corresponding shortly thereafter. Contemporaneously, the Court will not require a moving party to be hamstrung, where said party has attempted to contact the opposing party on numerous occasions, left several voice messages asking to confer, but has nonetheless received no return communication in a timely fashion. Since individual circumstances vary between these two extremes, the Court will evaluate whether the parties have satisfied the duty to confer on a case-by-case basis.

Finally, the Court reads C.R.C.P. 121 § 1-15(8) as applying to *pro se* parties in the same manner as it applies to any attorney entering an appearance before this Court.

DATED: 11/5/2012

BY THE COURT:

Frederick W. Gannett
District Court Judge