IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03015-MEH

GONZALO RODRIGUEZ-DIAZ,
JORGE QUINOINES,
HELADIO OLIVIOCORTES,
RAMIRO MENDOZA,
OSCAR MENDOZA,
JOSE MENDOZA,
RIGOBERTO AYALA, and
OGNACIO MENDOZA, on their behalf and on the behalf of those similarly situated,

      Plaintiffs,

v.

GALLEGOS MASONRY INC., d/b/a Gallegos Corporation,

      Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**Michael E. Hegarty, United States Magistrate Judge.**

      This matter comes before the Court *sua sponte*, due to Plaintiffs' counsel's failure to appear at the Status Conference held in this case on March 22, 2013, failure to respond to communications from Defendant's counsel, and failure to respond to the Court's March 22, 2013 Order to Show Cause. (Docket #21.) For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** and Defendant's Amended Motion that Dismissal Be With Prejudice, for an Award of Attorney Fees, and for Further Relief [filed April 2, 2013; docket #24] is **GRANTED IN PART** and **DENIED IN PART** as stated herein. Defendant's Motion to Dismiss and for Partial Summary Judgment [filed December 4, 2013; docket #9] is **DENIED AS MOOT**.

**I.     Background**

Plaintiffs initiated this action in state court on October 12, 2012, asserting, *inter alia*, various claims under the Fair Labor Standards Act.  (*See* docket #3.)     Pursuant to 28 U.S.C. § 1331, Defendant removed the action to federal court on November 16, 2012.  (Docket #1.)   Shortly thereafter, Defendant filed a Motion to Dismiss and for Partial Summary Judgment, which remains pending before the Court. (Docket #9.)

On January 2, 2013, Defendant moved to dismiss the case for lack of prosecution.  (Docket #11.)   The motion alleged that Ryan Gilman, counsel for the Plaintiffs, had been essentially unreachable throughout the month of December 2012 despite numerous phone calls, voice messages, and emails from counsel for the Defendant, Jersey Green.  (Docket #11.)  In light of Mr. Gilman's refusal to respond to these communications, Mr. Green noted difficulty in complying with court orders.  Thus, Defendant asked Judge Jackson to issue an order to show cause requiring Plaintiffs to explain their failure to prosecute. Despite receiving an opportunity within which to do so, Plaintiffs never responded to the motion.

Judge Jackson held a Scheduling Conference in the case on March 6, 2013. Mr. Green appeared in person, and Mr. Gilman appeared telephonically. (Docket #15.)  After discussions with Mr. Gilman, presumably regarding his failure to communicate with Mr. Green, Judge Jackson entered a text-only order denying the motion to dismiss for lack of prosecution.  (Docket #14.) Because the parties indicated their willingness to consent to the jurisdiction of a magistrate judge, Judge Jackson referred the action to this Court for full resolution of all future proceedings. (Docket #16.)

On March 19, 2013, the Court issued an order setting a Status Conference in this case for

March 22, 2013, at 9:30 a.m.  (Docket #19.)  As set forth in the order, counsel could appear telephonically by conferencing together and calling Chambers at the appointed time. (*Id*.)  The Court's records confirm that the March 19, 2013 order was served on Mr. Gilman through the CM/ECF system.

On the morning of March 22, 2013, the Court received a call from Mr. Green indicating that he had been in a car accident outside of the courthouse.  Mr. Green informed the Court that he attempted to contact Mr. Gilman earlier in the day to arrange a conference call per the Court's order; however, Mr. Gilman could not be located.  Mr. Green was unable to leave a voice message, because Mr. Gilman's voice mailbox was full.  In light of the accident, the Court moved the setting to 10:15 a.m.  Mr. Gilman did not appear at either time, nor did he contact the Court in advance to indicate he would not be available.

At the Status Conference, Mr. Green expressed frustration regarding Mr. Gilman's refusal to respond to communications.  Mr. Green explained that since the March 6, 2013 Scheduling Conference, he had spoken to Mr. Gilman once on March 8, 2013.  Mr. Gilman told Mr. Green he would get back to him regarding their discussion; however, he failed to do so. Since approximately December 2012, Mr. Green has attempted to contact Mr. Gilman by telephone on three separate occasions and has sent two emails to Mr. Green's email address of record.  Despite Mr. Green's numerous attempts to reach Mr. Gilman, Mr. Gilman has not responded.

Pursuant to the Court's authority to sanction Mr. Gilman for his failure to appear at the Status Conference and failure to respond to Mr. Green, the Court ordered Mr. Gilman to show cause in writing no later than April 1, 2013**,** as to why this Court should not dismiss Plaintiffs' claims for failure to prosecute this action.  (Docket #21.)  As stated in the Order, Mr. Gilman's record of

unavailability, failure to comply with Court orders, and failure to appear at a scheduled setting demonstrate considerable delinquency. In light of Mr. Gilman's repeated failures to cooperate and comply, the Court reiterated that it would award Defendant its fees and costs incurred as a result of Mr. Gilman's failure to appear. The Court noted that Mr. Green, who made every effort to attend the Status Conference despite being involved in a car accident, should be fully compensated for his time. Finally, the Court advised Mr. Gilman that failure to comply with the Order to Show Cause would result in a dismissal of all claims without further notice

As of this date, Mr. Gilman has not responded to the Court's Order to Show Cause, nor requested an extension of time within which to do so. On April 2, 2013, Defendant filed its Amended Motion that Dismissal Be With Prejudice, for an Award of Attorney Fees, and for Further Relief [docket #24] (the "Amended Motion") seeking, as its title suggests, either dismissal with prejudice or a ruling on the merits of its pending summary judgment motion. In conjunction with the Amended Motion, Mr. Green submitted an Amended Declaration of Attorney Fees Related to Status Conference [docket #25]. Pursuant to D.C. Colo. LCivR 7.1C and Plaintiffs' apparent abandonment of this litigation, the Court proceeds without a response.

**II.     Discussion**

The Court's Order to Show Cause and the Amended Motion filed by Defendant raise two issues: (1) the dismissal of Plaintiffs' claims; and (2) an award of attorney's fees and costs. The Court will address each issue in turn.

    A.     <u>Dismissal</u>

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of

Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

"Dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

### 1. Prejudice to Defendant

Regarding the first factor, Mr. Gilman's failure to respond to communications and failure to comply with court orders has adversely impacted Defendant in a number of ways. Since the

5

removal of this action, Defendant has expended considerable time and resources attempting to communicate with Mr. Gilman regarding the advancement of this litigation. Mr. Gilman's persistent silence inhibited Mr. Green from proceeding with a Scheduling Conference and precipitated Defendant's January 2, 2013 motion to dismiss for lack of prosecution . (*See* docket #11.) Because Plaintiffs failed to respond to the motion, the record contains no explanation for Mr. Gilman's apparent disappearance.

Despite the warning provided by the Defendant's first motion to dismiss for lack of prosecution, Mr. Gilman continued to ignore communications from both counsel and the Court. As a result, Defendant has accumulated additional costs associated with attending Court proceedings and filing the Amended Motion. Mr. Gilman's delinquency has also impeded Defendant from fully and promptly resolving the claims asserted against it in this lawsuit. On the whole, the Court finds that Defendant has been significantly prejudiced by Plaintiffs' failure to prosecute this action with due diligence.

2. Interference With the Judicial Process

With respect to the second factor, this Court and Judge Jackson have invested considerable time and resources overseeing this case and attempting to facilitate Plaintiffs' compliance with their obligations. Plaintiffs' failures in this regard have required the Court to review two separate motions to dismiss and to issue an order to show cause. In this way, Plaintiffs have increased the workload of the Court and interfered with the administration of justice. Plaintiffs' non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

### 3. Culpability of the Litigants

In evaluating the third factor, the Court acknowledges the unfortunate reality that the conduct which has brought us to this point is attributable directly to counsel. Nonetheless, Tenth Circuit and Supreme Court precedent do not shield litigants from dismissal when their attorneys misbehave. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) (citing *Link*, 370 U.S. at 633-64). In *Gripe*, the Tenth Circuit affirmed the dismissal of a case over the plaintiff's objection that he should not be punished for his attorney's failures. *Id.* Relying on the Supreme Court's holding in *Link*, the *Gripe* court found that the attorney/client relationship is one of general agency in which the principal is bound, for better or worse, by the acts of its agent. *Id.* Thus, when an attorney fails to abide by court rules or to prosecute his client's case with appropriate diligence, the consequences of counsel's errors, like those made during the course of actual litigation, are rightly attributed to his client. *Id.* (comparing an attorney's failure to prosecute with an attorney who is poorly prepared to cross-examine a witness at trial and noting that in both cases, it is the client who suffers the consequences). Where "the attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Link*, 370 U.S. at 634 n.10. To "keep[] a suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Id.*

Applying the principles of *Link* and *Gripe* to the case at hand, the Court must find that Plaintiffs are culpable under the circumstances for their selection of counsel. To find otherwise would be "wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice

7

of which can be charged upon the attorney." *Id.*

### 4. Adequacy of the Court's Admonition

With respect to the fourth factor, Plaintiffs have received ample warning from both counsel and the Court regarding the potential for dismissal as a consequence for their dilatory prosecution of this case. Defendant filed its motion to dismiss for failure to prosecute on January 2, 2013, which put Plaintiffs on notice that their prosecution of this action was, at minimum, objectionable. Further, when Plaintiffs' counsel failed to appear at a Status Conference scheduled in this case, the Court issued an Order to Show Cause expressly admonishing Plaintiffs that failure to respond would result in dismissal without further notice. (Docket #21 at 3.) Thus, the fourth factor is satisfied.

### 5. Efficacy of Lesser Sanctions

Regarding the fifth factor, Defendant specifically seeks dismissal with prejudice. The Court finds that this remedy is somewhat unprecedented when compared with similar cases. *See Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 930 (10th Cir. 2005) (upholding Rule 41(b) dismissal without prejudice where both plaintiff and counsel failed to comply with court orders); *Gripe*, 312 F.3d at 1190 (upholding Rule 41(b) dismissal without prejudice where plaintiff knew of counsel's "disturbing history of missed deadlines"); *but see Link*, 370 U.S. at 637 n.1 (Black, J., dissenting) (noting that "[s]ince the order of dismissal did not specify that it was without prejudice[,] the dismissal operates as a judgment on the merits if Rule 41(b) of the Federal Rules of Civil Procedure Applies."). Where the Tenth Circuit has upheld dismissal with prejudice for failure to prosecute, there have been several prior actions dismissed without prejudice for the same or similar failures. *See Schroeder v. Southwest Airlines*, 129 F. App'x 481, 485 (10th Cir. 2005) (upholding Rule 41(b) dismissal with prejudice where two prior cases were dismissed without prejudice for

failure to prosecute because "the two orders dismissing [plaintiff's] lawsuit without prejudice should have put [her] on notice that she and her counsel must comply with court deadlines and rules."). Even in *Schroeder*, the plaintiff bore some direct responsibility for dismissal by failing to attend her deposition. *Id*.

Comparing this action with other cases in the Tenth Circuit, the Court finds that dismissal with prejudice is too harsh a remedy at this stage. However, the Court agrees with Defendant that monetary sanctions alone will not be sufficient. Therefore, the Court finds that dismissal without prejudice strikes the appropriate balance and will adequately deter conduct like this in the future. The Court hopes the availability of a malpractice action will have a similar effect. *See Link*, 370 U.S. at 634 n.10.

### B.   Attorney's Fees and Costs

District courts may make discovery schedules and set deadlines (*see* Fed. R. Civ. P. 16(b)), and sanction attorneys and/or parties who disregard such orders. Fed. R. Civ. P. 16(f). "In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences. . ." Fed. R. Civ. P. 16(a).

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), [i]f a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court ***must*** order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

The Court has determined that Defendant is entitled to its attorney's fees and costs expended as a result of Plaintiff's failure to appear at the March 22, 2013 Status Conference. As set forth in the Amended Declaration of Attorney Fees Related to Status Conference [docket #25], Mr. Green billed Defendant for .8 hours of work related to the March 22, 2013 Status Conference. Mr. Green's hourly billing rate of $300.00 is exceedingly reasonable in light of his experience and qualifications. Thus, the Court finds that Defendant is entitled to recover, at Mr. Gilman's expense, $240.00 in attorney's fees and costs.

### III.    Conclusion

In light of Plaintiffs' failure to prosecute this action and failure to comply with Court orders, the Court determines, based upon an evaluation of the *Ehrenhaus* factors and relevant Tenth Circuit precedent, that this action shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' counsel shall pay Defendant's attorney's fees and costs in the amount of $240.00 on or before **April 24, 2013**. Defendant's Amended Motion that Dismissal Be With Prejudice, for an Award of Attorney Fees, and for Further Relief [filed April 2, 2013; docket #24] is **GRANTED IN PART** and **DENIED IN PART** as stated herein, and Defendant's Motion to Dismiss and for Partial Summary Judgment [filed December 4, 2013; docket #9] is **DENIED AS MOOT**. Mr. Gilman shall serve a copy of this order on each of his clients by certified mail and shall file proof of service with the Court on or before **April 24, 2013**.

Dated this 5th day of April, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

11